{¶ 43} I concur in the majority's judgment and opinion with the exception of one issue and write separately to address that issue. In the Luthers' third assignment of error, I would conclude that the trial court erred in refusing to admit Alice's testimony that she heard someone at the accident scene state that Skrinjar was dead. I feel compelled to address this issue because, since we are remanding this case for a new trial, the issue is likely to come up again.
 {¶ 44} Here the Luthers sought to introduce Alice's testimony as to what she heard immediately following the accident. Alice would have testified that she heard someone say that Skrinjar was dead. (Tr. 89). She would have further testified that hearing this statement triggered an emotional response in her, which would have helped to prove that her psychological ailments were caused by the accident. (Tr. 89). I would conclude that the statement the Luthers wished to introduce was not hearsay. "Hearsay" is an out-of-court statement offered in court to prove the truth of the matter asserted. Evid. R. 801 (C). The statement the Luthers wanted to introduce does not meet this definition. The statement that "Skrinjar is dead" was not being offered to prove the truth of the matter asserted. It was irrelevant whether Skrinjar was actually dead or not. What was relevant was this statement'seffect on Alice's psyche.
 {¶ 45} Thus, I would conclude it was error for the trial court to rule that the statement was inadmissible hearsay. But given this court's resolution of the Luthers' first assignment of error, this error is rendered harmless.